IN RE SILVESTRE CRUZ DISDIER, Respondent.

No. 73.   Argued April 8, 1952.—Decided April 23, 1952.

C. H. Juliá for respondent.   Víctor Gutiérrez Franqui, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court, and Frank Vizcarrondo Vivas, Assistant Fiscal, counsel for the Department of Justice.   B. Sánchez Castaño for the Bar Association.

PER CURIAM: Silvestre Cruz Disdier prays that we reinstate him in the practice of his profession as an attorney and notary.   He sets forth in his petition that he was admitted to the bar as attorney and notary by this Court on May 11, 1928 and May 11, 1929 respectively, and continued in the active practice of said profession until July 29, 1949 on which date by virtue of a decision of this Court he was indefinitely disbarred;[1] that from the date of his separation up to the present his attitude has been expiatory, and that after meditating deeply and calmly on the significance of the situation

---

[1] See In re Cruz Disdier, 70 P.R.R. 428.

in which he found himself and which gave rise to his disbar-
ment, he has sincerely and absolutely repented of his action,
has realized the magnitude of his error and the prejudices
that said error might have caused to innocent third persons
and to society, and that today he can say deep in his heart
that he has completely reformed morally and spiritually;
that ever since his disbarment he has taken refuge in the
haven of his home, being engaged exclusively in honest work
to support his numerous family; that his sole purpose now is
to discharge faithfully and honestly his duties, if reinstated,
and his sincerity is such that he is willing to submit himself
to any rule or provision that this Court may deem advisable
to issue; that he is also willing to submit all the evidence
necessary on his conduct during the time that he has been
disbarred and to appear personally with all the witnesses
necessary to show that at present he is enjoying the good
reputation which merits his readmission to the practice of
his profession as an attorney and that his repentance, and
his moral, spiritual, and mental reformation are complete
and absolute; that he is 65 years of age, his health has been
greatly impaired and he wishes to die reinstated; and finally,
that one of his sons is studying medicine in Mexico, and his
own economic condition is poor, because he knows no other
trade or profession which will allow him to earn his living
honestly and to support his son; while if reinstated he could
earn an honest living, obtain sufficient income to support his
family decently and have his son finish his medical career.

In view of this petition, we set April 8th of the instant
year, at 2 p.m. to hear in open court the petitioner, counsel,
and other persons who wished to testify in regard to his
petition. At the same time we ordered that notice of the
hearing be served on the Attorney General and on the Bar
Association of Puerto Rico, in order that they might appear
and make any report they deemed proper.

On the day set the petitioner appeared represented by

counsel, the Assistant *Fiscal* of this Court, representing the Attorney General, and Mr. Benicio Sánchez Castaño, as Chairman of the Bar Association of Puerto Rico. Petitioner offered separate affidavits of Rafael Ortiz Rivera and Carmelina López Cepero, Directors of Barbosa and Muñoz Rivera Schools of Río Piedras, respectively, and of Francisco F. Colón Brunet, attorney and evangelic minister of the First Baptist Church of Río Piedras. They were admitted in evidence without any objection. Messrs. José M. Toro Nazario and Miguel Rodríguez Alberty, attorneys, also took the witness stand.

*Rafael Ortiz Rivera* briefly stated in his affidavit that he knows petitioner from the beginning of the school year 1950–51, when Cruz Disdier was elected President of the Parent-Teacher Association of Barbosa School, having been re-elected for the same position during the current school year; that petitioner has given his spontaneous and enthusiastic cooperation to all school, civic, and community activities; that he enjoys an excellent reputation in Río Piedras; and that this reputation, as well as his acquaintance with petitioner makes him consider petitioner worthy of rehabilitation on all counts.

*Carmelina López Cepero* testified that she knows petitioner, whom she has always observed to have interest and enthusiasm for all activities of a civic character; that he was President of the Parent-Teacher Association of Muñoz Rivera School; that his reputation in the community is irreproachable and that his behavior is such as to merit on all counts his reinstatement and that she has the moral certainty that the community in which he lives shares with her this feeling of trust and solidarity.

*Francisco F. Colón Brunet* states that he knows petitioner; that since several years ago he has shown such signs of reformation that, in his opinion, he deserves to be reinstated; and that Cruz Disdier is held in high regard and gen-

eral esteem in the community, being admired because of the humility with which he accepted his disbarment and because of the enthusiasm with which he devoted himself to different civic activities.

*Messrs. Toro Nazario* and *Rodríguez Alberty*, attorneys testified in brief, the first, that: "up to where a human being can determine, I honestly believe that for a long time now his soul and his conscience have undergone such a radical change that I have the certainty . . . that (if reinstated) he would act properly and faithfully and . . . I believe that his moral condition is meritorious . . . ." Besides, he believes that there is honestly, no reasonable and possible risk for the community of Río Piedras with petitioner's rehabilitation. And the latter, who is Special Assistant of the Attorney General, that he has known Cruz Disdier for 40 years and has found in him a repented man who has reformed morally and spiritually and who gives the impression of being contrite and repentant.

*Mr. Sánchez Castaño* filed a written report which he signed, in the capacity already indicated. In said report he states that he has made personal inquiries tending to determine whether Cruz Disdier's present attitude may be accepted as if he had undergone such moral transformation as will allow him to observe an ethical conduct in the practice of his profession as attorney and notary, assuming that he be reinstated; and that he has found that the attorneys with residence in Río Piedras have joined to back the readmission of petitioner, in his opinion, said attorneys being the ones in the best position to inform on the conduct and present attitude of petitioner. He immediately copies in the cited report a resolution adopted by the Bar Association of Río Piedras, which text reads as follows:

"WHEREAS, don Silvestre Cruz Disdier, 65 years old and a resident of Río Piedras, has filed in the Supreme Court of

Puerto Rico, a petition for his reinstatement to the bar from which he was disbarred on July 29, 1949;

"WHEREAS, at the time that said request was filed the petitioner enjoyed, as he does now, such reputation of moral integrity, in the community in general as well as in the professional class in particular, that merited and merits his total professional rehabilitation;

"WHEREAS, said petitioner was a teacher in the public schools of Puerto Rico starting as a rural teacher in 1908 in his home town of Río Grande, and later as Assistant Superintendent of the public schools of said town in 1926, having worked besides in Naguabo and Humacao;

"WHEREAS, petitioner rendered military service in the Army of the United States of America during the First World War enlisting as a private and being honorably discharged with an officer's rank;

"WHEREAS, while studying law, he worked at night, as lecturer, in the Insular Penitentiary;

"WHEREAS, petitioner is a man who reached his present position through his own effort, who has seven children all of whom have received a college education, the oldest being a Major in the Army of the United States of America, two social workers, one pharmacist, one dietitian, another a law student and another a student of medicine;

"WHEREAS, among the civic entities which petitioner has presided and presides, are included the local Association of Teachers in Naguabo and Río Grande, the Parent-Teacher Association of Hawthorne, Vilá Mayo, Muñoz Rivera, and Barbosa Schools in Río Piedras, the Red Cross, Civil Defense, and the State Guard in this city; having been a member of the Selective Service Board in Río Piedras, trustee of the Municipal Library of this city, member of the Committee of Río Piedras for the conference in the White House and Inspector of elections;

"WHEREAS, up to where it is humanly possible to determine, petitioner has expiated the fault which motivated his disbarment, has reformed and is willing to submit himself to the ethical canons of said profession;

"WHEREAS, petitioner wishes to die reinstated in his profession, not only for a personal satisfaction, rather spiritual than material, but also for the satisfaction of his wife, his children, and his grandchildren;

"THEREFORE: we, members of the Bar Association of Puerto Rico, in the active practice of our profession, in petitioner's domicile, as witness of our conviction that petitioner is well worthy of his rehabilitation as attorney and notary, we hereby:

"Request from the Bar Association of Puerto Rico to join us in support of said Petition of Rehabilitation with authority to assume our collective representation before the Honorable Supreme Court of Puerto Rico."

Mr. Sánchez Castaño ends his report by stating that in the name of the Bar Association he has no objection whatsoever to Silvestre Cruz Disdier's reinstatement to the practice of his profession.

Petitioner himself took the stand and substantially testified that he will soon be 65 years old; that he is married and has seven children all of whom he has educated; that during the period that he has been separated from the practice of his profession he has lived of a pension of $31 he receives from the Government, for his services as a teacher, and later as Clerk I in the Experimental Station of Río Piedras, and of the modest works that he has been able to perform. Asked by Mr. C. H. Juliá, his counsel, if he had been able to analyze and weigh the enormity of the facts which he committed, he answered in the affirmative adding besides: "All this has made me think seriously. I have suffered terribly the consequences of my disbarment and if the court grants my rehabilitation, I would strictly comply with the law; I would decide all the matters with my best good faith, without prejudicing anybody, only as a means to help my family." Likewise, he stated, that he had repented, and was morally and spiritually reformed, and that "I swear before this Court that I will strictly comply with the duties that the position of attorney as well as of notary entails."

Finally, the Assistant *Fiscal* of this Court stated that he had carried out an investigation in Río Piedras, having interviewed a group of senior attorneys in said city and that

from the investigation he has concluded that petitioner "is a man who enjoys a good reputation in the community of Río Piedras; who is a good father, who has raised a numerous family, is a good citizen who actively cooperates in a number of civic activities in the community such as the Teachers' Association, the Red Cross, the Civil Defense . . ." and the general opinion of the professors (*sic*) and of his fellow lawyers in Río Piedras whom he interviewed is in the sense that Cruz Disdier has atoned for his disbarment and has repented, and he believes in general terms that there is no risk, up to where it is possible to determine, for the Government nor for the People of Puerto Rico, with petitioner's reinstatement.

As we once before said in *In re Charneco*, 72 P.R.R. 838, 840, "When a disbarred attorney prays for reinstatement, the gist of the question is not whether said attorney has atoned his guilt or whether he has been sufficiently punished, but rather whether at the time of his application he enjoys such a reputation as to justify his restoration to practice, that is, whether his moral integrity merits his rehabilitation."

We have heard the testimony of the two attorneys who appeared before us; of the three persons who appeared by writing; of the Chairman of the Bar Association, and we have read the resolution adopted by the Bar Association of Río Piedras. We have also heard the opinion of the Assistant *Fiscal* of this Court. All their testimonies prove that Cruz Disdier fully enjoys at present the respect of all his colleagues and of his neighbors. Weighing all these testimonies we must conclude that the requirements established by our decisions have been fully complied with, and in the exercise of our discretion we order petitioner's rehabilitation, in the hope that doing honor to his oath he shall observe faithfully not only the duties of his profession but also its ethical canons.

Petitioner's petition for reinstatement is granted and he is readmitted to the practice of his profession as attorney and notary.